UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DARRYL LUNON**                                                                                              **PLAINTIFF**

**VS.**                                            **CASE NO. 4:17-CV-623-BSM**

**CHRISTOPHER VANCE; DELORIS LOVELL;
PULASKI COUNTY; PULASKI COUNTY SANITATION
& ANIMAL SERVICES; KATHY BOTSFORD, in her
individual and official capacities as Director of Pulaski
County Sanitation & Animal Services; JONATHON DUPREE,
in his individual and official capacities as an employee of
Pulaski County Sanitation & Animal Services; JANE DOES 1-10,
in his or her individual and official capacities as employees of
Pulaski County Sanitation & Animal Services; NORTH LITTLE
ROCK; NORTH LITTLE ROCK ANIMAL CONTROL; DAVD
N. MILES, III, in his individual and official capacities as Director
of North Little Rock Animal Control; JOHN DOES 1-10, in his
or her individual and official capacities as employees of North
Little Rock Animal Control**                                                                       **DEFENDANTS**

## DEFENDANTS' JOINT MOTION TO ENFORCE MANDATE

COMES now, All Defendants, by and through undersigned counsel, Joint Motion to Enforce Mandate, herein state:

1. Separate Defendants Jonathon Dupree, Kathy Botsford, and David N. Miles, III, in their individual capacities, took an interlocutory appeal from this Court's denial of qualified immunity in its Order of October 25, 2018. *See* Docs. 59 & 60. The Court granted a stay (Doc. 64) that can now be lifted because the Eighth Circuit has ruled and issued its Mandate.

2. The respective motions for summary judgment of the parties raised qualified immunity on behalf of the individual Defendants and also argued that all Defendants including the City of North Little Rock and Pulaski County, Arkansas, were entitled to summary judgment. *See* Docs. 41-43 & 45-47. Summary judgment was also denied to the City and County in the Court's Order of October 25, 2018. Doc. 59.

3. Qualified immunity encompasses two questions: (1) whether a plaintiff has shown the violation of a constitutional right; and (2) even if a plaintiff has shown such a violation, was the law clearly established so as to put individual government employees on sufficient notice that their alleged conduct violated such right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). In *Pearson*, the Court said a court may answer the "prongs" of qualified immunity in whatever order a court in its discretion decides. *Id*. at 236.

4. Furthermore, a court is free to answer *both* questions if it chooses. While it may be easier in a given case to determine whether the law was "clearly established" alone, the "development of constitutional precedent" and preventing "constitutional stagnation" is also an important interest in assessing a qualified immunity defense. *See Pearson* at 232 & 236. That is precisely what the United States Supreme Court did in *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014), i.e., it answered whether a constitutional violation occurred and whether the law was clearly established.

5. In its Opinion on the individual Defendants' interlocutory appeal in this case, the United States Court of Appeals for the Eighth Circuit noted that a due process case first requires a court to assess whether a protected right exists before determining what "process" might be due. *See Lunon v. Botsford*, 946 F.3d 425, 429 (8th Cir. 2019). It then concluded that the Plaintiff herein had failed to show the initial showing of a protected property interest and said: "We agree with the Supreme Court of Arkansas that affirmative pre-deprivation notice is not constitutionally required in this situation . . . ." *Id*. at 431. In fact, the majority opinion in this case *never* passed on the "second prong" of the qualified immunity defense, i.e., whether the law was clearly established that Plaintiff's constitutional rights were violated. Thus, it is clear the Court ruled on the "first prong" and held there was no underlying constitutional violation in this case.

6. Indeed, in the specific discussion of the claim against Dupree, the Court ruled: "Picking up a stray dog and turning it over to the Animal Shelter for proper impounding *did not deprive Lunon of a protected property interest*." As to Botsford, the Court ruled: "Botsford is entitled to qualified immunity on this failure-to-train claim *because no subordinate violated Lunon's constitutional rights*." And finally as to Miles, the Court ruled: "each individual defendant is entitled to qualified immunity as a matter of law *because Lunon failed to show that he or she violated Lunon's federal constitutional right to procedural due process*."

7. Respectfully, the point of all of this is that, in addition to the individual Defendants being entitled to summary judgment based on the Eighth Circuit's Mandate of January 23, 2020, all Defendants, including Pulaski County and the City of North Little Rock are entitled to summary judgment based on their original motions for summary judgment as well.

8. Absent an underlying constitutional violation, the County and City cannot be held liable under Section 1983; thus, the County and City are entitled to summary judgment as to the claims against them and the case should be dismissed in its entirety. *Royster v. Nichols*, 698 F.3d 681, 692 (8th Cir. 2012) (applying rule that municipality cannot be liable under Section 1983 absent an underlying constitutional violation as to failure-to-train and failure-to-supervise claims against a municipality) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *See also Turner v. White*, 980 F.2d 1180, 1183 (8th Cir. 1992) (applying rule to "custom or policy" claims against a municipality and supervisor defendants after finding no underlying constitutional violation).

WHEREFORE, All Defendants respectfully request that the Court enforce the Mandate from the United States Court of Appeals for the Eighth Circuit and dismiss all claims against them with prejudice and for all other relief that is just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **DEFENDANTS** |
| BY: | Michael A. Mosley_____ <br> Assistant City Attorney <br> City of North Little Rock <br> 116 Main Street <br> P.O. Box 5757 <br> North Little Rock, AR 72119 <br> Telephone: (501)975-3753 <br> Facsimile: (501)340-5341 <br> Email: mmosley@nlr.ar.gov |
| And | Colin R. Jorgensen_____ <br> Association of Arkansas Counties <br> 1415 West Third Street <br> Little Rock, AR 72201 <br> TELEPHONE: 501-372-7947 <br> FACSIMILE: 501-372-0611 <br> EMAIL: cjorgensen@arcounties.org |

## CERTIFICATE OF SERVICE

We, Michael A. Mosley and Colin R. Jorgensen, hereby certify that on January 29, 2020, we filed the foregoing with the Clerk of Court, which will send notification of such filing to all CM/ECF participating counsel of record listed below:

Kenya J. Gordon
kdavenport@dportlaw.com

                                                                                                      Michael A. Mosley_____
                                                                                                      Michael A. Mosley

                                                                                                      Colin R. Jorgensen_____
                                                                                                      Colin R. Jorgensen

4